(Reap. Dec. 10389)

NEW YORK MERCHANDISE CO. ET AL. v. UNITED STATES

Entry No. 34089, etc.

(Decided December 4, 1962)

*Stein & Shostak* for the plaintiffs.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

JOHNSON, Judge: These appeals for reappraisement have been submitted upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated on the attached Schedule, attached hereto and made a part hereof, consists of wooden and bamboo blinds, shutters, etc., manufactured by Toyo Mokko K. K., and exported from Japan.

That all the merchandise covered by the appeals for reappraisement except the merchandise covered by D.E. 37026, the subject of R59/12013–20987, and by D.E. 34847, the subject of R61/16777–29311, was entered before February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, net packed, and that with respect to the merchandise covered by Reappraisements R58/28453–17719, R58/28652–17663, R59/3944–18333 and R60/4382–23121, imported prior to February 28, 1958, there were no higher foreign values for such or similar merchandise at the time of exportation.

IT IS FURTHER STIPULATED AND AGREED that these appeals for re-appraisement may be deemed submitted for decision on this stipulation.

Reappraisement Nos. R59/12013 and R61/16777, referred to above, have been deleted from the appeals listed in the schedule attached to the stipulation. The merchandise covered by the appeals now before the court was all entered prior to February 27, 1958, and is subject to appraisement under the Tariff Act of 1930.

On the agreed facts, I find that the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved herein and that such value is represented by the invoiced unit values, net, packed.

Judgment will be rendered accordingly.